SAMUEL FELTS *v.* D. C. COVINGTON.

Pelading—Answer—Demurer.
     An answer setting out that the defendant, as officer, took an indemnifying bond from the execution creditors, before levying on the property sold, and that the bond contained sufficient surety, and was returned with the execution, held to be good on demurrer.

Officers—Time to Return Indemnifying Bond.
     The return of an indemnifying bond, with the execution on the day it is made returnable, held to be sufficient compliance.

APPEAL FROM LOGAN CIRCUIT COURT.

March 4, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

Appellant being sheriff of Logan county, and having an execution in his hands issued from the Logan county quarterly court in favor of Woodford Duncan and against the estate of J. Clark and F. M. Covington levied it on some wheat on the premises of said Covington, and sold the wheat as the property of said F. M. Covington under and by virtue of the levy of said execution thereon. D. C. Covington claiming the wheat sold by said sheriff brought this action against said Feltz for the value of the wheat, averring that at the time of the seizure of sale thereof it was his property, and that appellant, was induced and encouraged to make said wrongful seizure and sale by Woodford Duncan, William L. Duncan and J. D. Dulaney, all of whom were made defendants. to the action, and who it is alleged executed to Feltz a bond to the effect that they would indemnify him against any damage he might sustain in consequence of said seizure and sale, which bond he alleges has not been returned to the office of the *"Clerk of the Logan circuit court."*

The defendants demurred to the petition and the demurrer of the two Duncans and Dulaney was sustained and overruled as to Feltz, he then filed an answer to which a demurrer was sustained. and he then offered an amended answer, which was also adjudged insufficient on demurrer, and having elected to offer no further answer, a jury was sworn to inquire of damages, and having found a verdict for plaintiff below, judgment was rendered thereon, and Feltz prosecutes this appeal.

The answer states that appellant took from the plaintiff an indemnifying bond which he returned with the execution to the office of the clerk of the *Logan quarterly court* on the day said execution was returnable, and that he took sureties on said bond who were good when it was taken. Other statements are contained in the answer, but a further reference to them is deemed unnecessary, as it seems to the court that those recited presented a good defense to the action, unless the delay of the officers to return the bond until the 1st of November 1868, the day on which the execution was returnable was such neglect as to render him liable.

The time is not prescribed in *sections 709 and 711 Civil Code* within which the bond provided for therein shall be returned, and it seems to this court that for all practical and beneficial

purposes it is sufficient if it be returned on the day the execution is made returnable, no reason is perceived why a return at that time would not secure to the person for whose benefit it was taken all his rights as fully as if returned earlier.

But looking to the petition, there is no allegation that the bond was insufficient, or that it was not returned to the office of the clerk of the Logan quarterly court, but the allegation is that it was not returned to the office of the clerk of the Logan circuit court. Appellant was not authorized to return it to the clerk of the last named court, an amendment of *section 719 Civil Code of January 8, 1864,* made it his duty to return the bond to the office of the judge of the quarterly court, *Code of Practice, Myers, page 206.*

The answer presented facts which constituted a good defense to the action and the demurrer should have been overruled. Wherefore, the judgment is reversed and the cause remanded with directions to overrule the demurrer to appellant's answer, and for further proceedings consistent herewith. Appellee should be permitted to amend his petition if he shall offer to do so in reasonable time.

*Halsell & Dulaney,* for appellant.

*Bevier,* for appellee.